IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAYA BROOKS, *et al.*           *

        Plaintiffs,        *

    v.                              *       Civil Case No. 1:20-cv-00339 RJL

KARL STEPHENS, *et al.*         *

        Defendants.       *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

### DEFENDANTS KARL STEPHEN'S AND METROPOLITAN PROCESS SERVICES' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants, Karl Stephens and Metropolitan Process Services, LLC, answers Plaintiffs'

complaint as follows:

### I.
### Failure To State a Claim

1.      Plaintiffs, Maya Brooks, Janice Curtis and Keisha Whitlock (collectively

hereinafter "Plaintiffs") against Defendants, Karl Stephens and Metropolitan Process Services,

LLC (collectively hereinafter "Defendants") complaint fails to state a claim upon which relief can

be granted.

### II.
### Lack of Subject Matter Jurisdiction

2.      Plaintiffs lack original subject matter jurisdiction under to 15 U.S.C. § 1692, *et*

*seq.* and 28 U.S.C. § 1331.

### III.
### Affirmative and Negative Defenses

3.      Plaintiffs' claims are barred by all applicable statutes of limitations and laches.

4.      Plaintiffs' claims are barred by the doctrine of accord and satisfaction.



RECEIVED
Mail Room

APR - 3 2020

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

5.      At all times Defendant, Karl Stephens, was acting in his capacity as an officer/employee of Metropolitan Process Services, LLC concerning the allegations contained within the Plaintiffs' Complaint.

**IV.**
**Admissions and Denials**

Defendants, Karl Stephens and Metropolitan Process Services, LLC, either admits or denies the allegations of fact and liability contained within the complaint as follows:

**Nature of Action**

6.      To the extent the allegations as set out in paragraph 1 are legal conclusions, Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations as set forth in paragraph 1 of Plaintiff's Complaint and demand strict proof thereof.

7.      Defendants admit in part and deny in part the allegations as set forth in paragraph 2 of Plaintiffs' Complaint. Defendants admit they are process servers for many eviction cases in the Landlord-Tenant Branch of the District of Columbia Superior Court. Defendants' deny the remaining allegations as set forth in paragraph 2 of Plaintiff's Complaint and demand strict proof thereof.

8.      Defendants deny the allegations as set forth in paragraph 3 of Plaintiff's Complaint and demand strict proof thereof. Defendants aver that there are no irregularities in the affidavits filed and further aver that: 1) The Superior Court now has electronic filing and the signatures are electronic signatures and are similar; and 2) The information in all affidavits filed are accurate and correct.

9.      Defendants deny the allegations as set forth in paragraph 4 of Plaintiff's Complaint and demand strict proof thereof.

**Jurisdiction and Venue**

10.     Defendants aver that the Plaintiffs lack subject matter jurisdiction as alleged in paragraph 5 of Plaintiff's Complaint.

11.     Defendants admit that venue would be proper as alleged in paragraph 6 of Plaintiff's Complaint.

**Parties**

12.     Defendants do not have sufficient knowledge to either admit or deny the allegations as set forth in paragraph 7 of Plaintiff's Complaint.

13.     Defendants do not have sufficient knowledge to either admit or deny the allegations as set forth in paragraph 8 of Plaintiff's Complaint.

14.     Defendants do not have sufficient knowledge to either admit or deny the allegations as set forth in paragraph 9 of Plaintiff's Complaint.

15.     Defendants admit the allegations as set forth in paragraph 10 of Plaintiffs' Complaint.

16.     Defendants admit the allegations as set forth in paragraph 11 of Plaintiffs' Complaint.

**Factual Background**

17.     To the extent the allegations as set out in paragraph 12 are legal conclusions, Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 12 of Plaintiff's Complaint and demand strict proof thereof.

18.     To the extent the allegations as set out in paragraph 13 are legal conclusions, Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 13 of Plaintiff's Complaint and demand strict proof thereof.

19.     To the extent the allegations as set out in paragraph 14 are legal conclusions, Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 14 of Plaintiff's Complaint and demand strict proof thereof.

20.     Defendants admit in part and deny in part the allegations as set forth in paragraph 15 of Plaintiffs' Complaint. Defendants admit they are process servers for many eviction cases in the Landlord-Tenant Branch of the District of Columbia Superior Court. At this time Defendants' cannot determine if the statistic allegations are Plaintiff as set forth in paragraph 15 of Plaintiff's Complaint are correct and demand strict proof thereof.

21.     At this time Defendants' cannot determine if the statistic allegations are Plaintiff as set forth in paragraph 16 of Plaintiff's Complaint are correct and demand strict proof thereof.

22.     Defendants deny the allegations as set forth in paragraph 17 of Plaintiff's Complaint and demand strict proof thereof.

23.     To the extent the allegations as set out in paragraph 18 are legal conclusions, Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

### Facts Relating to Plaintiff Maya Brooks

24.     Defendants do not have sufficient knowledge to either admit or deny the allegations as set forth in paragraph 19 of Plaintiff's Complaint.

25.     Defendants admit in part and deny in part the allegations as set forth in paragraph 20 of Plaintiffs' Complaint.  Karl Stephens avers that as an officer/employee of Metropolitan Process Services, LLC, he served Plaintiff, Maya Brooks, at the time and date stated in the affidavit. Defendants deny all other allegations set forth in paragraph 20 of Plaintiff's Complaint and demand strict proof thereof.

26.     Defendants deny the allegations as set forth in paragraph 21 of Plaintiff's Complaint and demand strict proof thereof.

27.     Defendants deny the allegations as set forth in paragraph 22 of Plaintiff's Complaint and demand strict proof thereof.

28.     Defendants deny the allegations as set forth in paragraph 23 of Plaintiff's Complaint and demand strict proof thereof; however, Defendants aver that the facts contained within the affidavits are true and correct.

## Facts Relating to Janice Curtis

29.     Defendants do not have sufficient knowledge to either admit or deny the allegations as set forth in paragraph 24 of Plaintiff's Complaint.

30.     Defendants do not have sufficient knowledge to either admit or deny the allegations as set forth in paragraph 25 of Plaintiff's Complaint.

31.     To the extent the allegations as set out in paragraph 26 are legal conclusions, Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 26 of Plaintiff's Complaint and demand strict proof thereof.

32.     Defendants deny the allegations as set forth in paragraph 27 of Plaintiff's Complaint and demand strict proof thereof; however, Defendants aver that the facts contained within the affidavits are true and correct.

33.     Defendants deny the allegations as set forth in paragraph 28 of Plaintiff's Complaint and demand strict proof thereof.

34.     Defendants deny the allegations as set forth in paragraph 29 of Plaintiff's Complaint and demand strict proof thereof.

35.     Defendants deny the allegations as set forth in paragraph 30 of Plaintiff's Complaint and demand strict proof thereof; however, Defendants aver that the facts contained within the affidavits are true and correct.

36.     Defendants deny the allegations as set forth in paragraph 31 of Plaintiff's Complaint and demand strict proof thereof; however, Defendants aver that the facts contained within the affidavits are true and correct.

### Facts Relating to Keisha Whitlock

37.     Defendants do not have sufficient knowledge to either admit or deny the allegations as set forth in paragraph 32 of Plaintiff's Complaint.

38.     Defendants deny the allegations as set forth in paragraph 33 of Plaintiff's Complaint and demand strict proof thereof; however, Defendants aver that the facts contained within the affidavits are true and correct.

39.     Defendants deny the allegations as set forth in paragraph 34 of Plaintiff's Complaint and demand strict proof thereof.

40.     Defendants do not have sufficient knowledge to either admit or deny the allegations as set forth in paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

41.     Defendants deny the allegations as set forth in paragraph 36 of Plaintiff's Complaint and demand strict proof thereof; however, Defendants aver that the facts contained within the affidavits are true and correct.

### Count I—Violation of the Fair Debt Collection Practices Act

42.     Defendants reassert and incorporate the responses made to the allegations in paragraphs 1-36 as set forth herein.

43.     To the extent the allegations as set forth in paragraph 38 are legal conclusions, Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations as set forth in paragraph 38 of Plaintiff's Complaint and demand strict proof thereof.

44.     To the extent the allegations as set forth in paragraph 39 are legal conclusions, Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations as set forth in paragraph 39 of Plaintiff's Complaint and demand strict proof thereof.

45.     To the extent the allegations as set forth in paragraph 40 are legal conclusions, Defendants are not required to respond. To the extent a response is necessary, Defendants deny

the allegations as set forth in paragraph 40 of Plaintiff's Complaint and demand strict proof
thereof.

      46.     Defendants deny the allegations as set forth in paragraph 41 of Plaintiff's
Complaint and demand strict proof thereof.

      47.     Defendants deny the allegations as set forth in paragraph 42 of Plaintiff's
Complaint and demand strict proof thereof.

      WHEREFORE, Defendants, Karl Stephens and Metropolitan Process Services, LLC,
request that this Court deny all relief requested by the Plaintiffs in Count I and demands strict
proof of the allegations and damages as follows:

      A. Deny the Plaintiffs any statutory damages;

      B. Deny the Plaintiffs any and all alleged actual damages;

      C. Deny the Plaintiffs attorney fees and costs in this matter;

      D. Deny any and all further relief that may be requested in the future.


Dated: April 2, 2020                    Respectfully submitted,

                                        Karl Stephens
                                        8719 Geren Road
                                        Silver Spring, MD 20901
                                        (301) 252-0706


                                        Karl Stephens, President
                                        Metropolitan Process Services, LLC
                                        8719 Geren Road
                                        Silver Spring, MD 20901
                                        (301) 252-0706

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of April 2020, a copy of the Defendants, Karl

Stephens and Metropolitan Process Services, LLC was mailed first class, postage prepaid, to:

John F. O'Connor
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

_____
Karl Stephens